## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA

IN RE:  **MATAGORDA ISLAND GAS**  **CASE NO.: 14-51099**
**OPERATIONS, LLC**

Debtor  **CHAPTER 11**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### OBJECTION TO MOTION FOR ENTRY OF ORDER (A) AUTHORIZING DEBTOR TO INCUR POST-PETITION SECURED INDEBTEDNESS (B) TO GRANT SECURITY INTEREST AND PRIORITY CLAIMS PURSUANT TO SECTIONS 364(c) AND 364(d)OF THE BANKRUPTCY CODE, (C) MODIFYING THE AUTOMATIC STAY,AND (D) APPROVING AGREEMENT WITH AIC INVESTMENTS LIMITED

NOW INTO COURT, through undersigned counsel, come the mover, **SHAMROCK ENERGY SOLUTIONS, LLC, (SHAMROCK)**, who submits the following Objection to debtor's Motion to incur post-petition debt, grant a security interest and priority status, modifying the automatic stay and approving an agreement with AIC Investments.

1.

The debtor, **MATAGORDA ISLAND GAS OPERATIONS, LLC**, has filed a Motion requesting authority to enter into a DIP financing for a proposed amount of $500,000.00, which amount would be used to obtain insurance and payment of administrative expenses.

2.

The debtor is proposing to obtain DIP financing from AIC Investments and granting AIC investments a super priority claim priming other secured interested currently in place.

3.

The Motion filed by the debtor is void of any documents that would tend to prove that AIC investments has approved this proposed financing. The Motion by the debtor was filed on the 3rd day of February, 2015. To date, there has still been nothing filed in support of the Motion and/or any evidence or documents that would tend to prove that the debtor has the ability to acquire this debtor in possession financing.

4.

Regardless, even if AIC gives the funds to the debtor, the debtor is merely going to pay attorney fees and purchase insurance.

5.

The debtor has no operation, no employees and no reasonable likelihood of any immediate operations that would generate any income.

6.

The debtor is an owner of a platform situated in the Gulf of Mexico. The platform, as far as is known, is unmanned, uninsured, and it is not known whether the rig contains any safety lighting and/or horns.

7.

**SHAMROCK** contends that this Motion is merely another stall technique from preventing the case from being converted to Chapter 7.

**WHEREFORE, SHAMROCK ENERGY SOLUTIONS, LLC**, prays that this Objection be filed, and that the debtor's Motion be denied.

Respectfully submitted,

By:  /s/ William C. Vidrine
        WILLIAM C. VIDRINE (21398)
        711 W. Pinhook Rd.
        Lafayette, LA 70503
        (337) 233-5195

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that I have on this 10th day of March, 2015, served a copy of the foregoing Objection To Motion For Entry Of Order (A) Authorizing Debtor To Incur Post-Petition Secured Indebtedness (B) to Grant Security Interest And Priority Claims Pursuant To Sections 364(c) And 364(d) Of The Bankruptcy Code, (C) Modifying The Automatic Stay, And (D) Approving Agreement With Aic Investments Limited for on the U.S. Trustee (via e-mail), Christopher T. Caplinger, attorney for debtor, 601 Poydras Street, Ste 2775, New Orleans, LA 70130, and Shamrock Energy Solutions, LLC, c/o Jason Lyons, Attorney at Law, P. O. Box 4232, Houma, LA 70381, by depositing same into the United States mail properly addressed, and first class postage prepaid, and/or by electronic means.

 /s/William C. Vidrine
WILLIAM C. VIDRINE