**SO ORDERED.**

**SIGNED March 25, 2015.**



_____
**ROBERT SUMMERHAYS**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 14-51099 |
| MATAGORDA ISLAND GAS OPERATIONS, LLC | CHAPTER 11 |
| DEBTOR | |

**ORDER AUTHORIZING DEBTOR-IN-POSSESSION TO INCUR
POST-PETITION SECURED INDEBTEDNESS, TO GRANT SECURITY
INTEREST AND PRIORITY CLAIMS PURSUANT TO SECTIONS 364(c)
AND 364(d) OF THE BANKRUPTCY CODE, MODIFYING AUTOMATIC STAY
AND APPROVING AGREEMENT WITH AIC INVESTMENTS LIMITED**

This matter came before the Court on March 17, 2015 as a hearing on the Motion of Matagorda Island Gas Operations, LLC, as debtor and debtor-in-possession, ("*Debtor*") filed on February 3, 2015 (**Docket No. 71**) (the "*Motion*"), for an Order authorizing the Debtor to (A) obtain interim debtor-in-possession financing; (B) incur post-petition secured indebtedness and debtor-in-possession financing with AIC Investments Limited ("*Lender*"), (C) grant security and administrative priority, modifying the automatic stay, and (D) authorizing execution of loan documents, as well as the objections to the Motion filed on behalf of Shamrock Energy Solutions,

1

LLC (**Docket No. 79**) and Stallion Offshore Quarters, Inc. and Wood Group PSN, Inc. (**Docket No. 81**).

    Appearances:
Erin Anapol
*Attorney for the Debtor*

William Vidrine
*Attorney for Shamrock Energy Solutions, LLC*

Carl Doré
*Attorney for Stallion Offshore Quarters, Inc. and Wood Group PSN, Inc.*

Chris Weema
*Attorney for Fidelity & Deposit Company of Maryland*

The Court finds as follows:

A.    This Court has jurisdiction over the case, these proceedings, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (D), (G), (M), and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409;

B.    The ability of the Debtor to obtain necessary insurance and pay administrative claims and expenses which are prerequisite to the ability of the Debtor to propose and consummate a rehabilitation of its business and reorganization of its financial affairs is dependent on its ability to obtain the loan proposed to be made from Lender;

C.    The Debtor is unable to obtain the amount of capital and credit necessary to successfully maintain necessary insurance or pay administrative expenses and other costs except under the terms and conditions set forth herein;

2

14-51099 - #94  File 03/25/15  Enter 03/25/15 16:03:49  Main Document  Pg 2 of 10

D. Based upon the documents received and the representations of counsel and the Debtor's President, James Hurley, (1) some of the Collateral identified in the Motion are encumbered assets of the Debtor's estate, but (2) the interests of each of the existing holders of liens on those assets will be adequately protected notwithstanding the granting of first position lien and security interest therein in favor of Lender hereunder because the value of that Collateral significantly exceeds the value of all known existing secured claims against the Collateral;

E. The financing proposed hereunder is in the best interests of the Debtor, its estate, creditors, and parties in interest;

F. Due notice of the Motion has been given to all creditors, parties-in-interest and the Office of the United States Trustee pursuant to Section 102 of the Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 4001(c) of the Federal Rules of Bankruptcy Procedure and any and all applicable Local Bankruptcy Rules; and

G. Upon reviewing the Motion, the documents presented and the representations of counsel and James Hurley, and the record thereof, the Motion should be granted upon its terms and conditions and any and all Objections to the Motion are resolved or overruled by the entry and terms of this Order.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Motion is GRANTED and the Debtor is authorized to borrow money up to the total amount of $500,000.00 (the "**Loan Commitment**") upon entry of this Order, and the Debtor may use such funds as set out in the Budget attached hereto as Exhibit A, subject to any variance agreed to by the Lender.

2. The Debtor is hereby authorized and directed to enter into a promissory note, loan documentation and agreements, including a security agreement affecting the Debtor's property and

3

interests in property and any related documents (collectively, the "***Lender Documentation***") with respect to the Loan Commitment pursuant to the terms and conditions set forth herein and as provided for hereunder.

3. Pursuant to Sections 364(c) and 364(d) of the Bankruptcy Code, as security for the loans and advances to be made from Lender to the Debtor, Lender is granted a continuing first and senior lien and security interest in and to the Collateral identified in the Motion (hereafter referred to as the "***Lender Collateral***").

4. This Order shall be sufficient evidence of Lender's perfected liens and security interests in and to the Lender Collateral and the Debtor is authorized and directed to execute such documents including, without limitation, the Agreement, the Lender Documentation, and to pay such costs and expenses as may be reasonably required to perfect Lender's security interests in the Lender Collateral as provided herein.

5. The Debtor is authorized and directed to execute and comply with the terms of such other documents, instruments and agreements in addition to the Agreement and Lender Documentation as Lender may reasonably require as evidence of and for the protection and perfection of all of the Debtor's obligations, liens, security interests and mortgages, each of which after execution shall be deemed included in the Lender Documentation.

6. Lender may, in the exercise of its discretion, but shall not be required to file or serve financing statements, or other documents with respect to such security interests and liens, all such financing statements or similar documents being deemed to have been filed or recorded at the time and on the date of the commencement of this case.

7. Lender may, in the exercise of its discretion, but shall not be required to file a certified copy of this Order in any filing or recording office in any county or other jurisdiction in

which the Debtor has personal property.

8. The provisions of this Order shall inure to the benefit of Lender and shall be binding upon the Debtor and its respective successors and assigns (including any trustee or other fiduciary herein appointed as a legal representative of the Debtor in this Chapter 11 case or in any succeeding case under Chapter 7 or otherwise) with respect to the property of the estate of the Debtor.

9. The Debtor is authorized and directed to perform all acts and to make, execute and deliver any and all instruments as may be necessary to implement the terms and conditions of this Order and the transactions described herein.

10. Pursuant to Sections 364(c) and 364(d) of the Bankruptcy Code, any and all obligations and liabilities of the Debtor owing to Lender and arising after the date of this Order, together with accrued interest and charges incidental thereto, shall have priority in payment over any other obligations or liabilities now in existence or incurred hereafter by the Debtor and of all expenses of the kind specified in Sections 503(b), 506(c), 507(b) and 552(b) of the Bankruptcy Code.

11. The Lender Documentation shall be subject to termination as provided therein including, without limitation, the provisions that the Lender Documentation is subject to early termination by Lender as to future loans and extensions of credit at any time upon notice to the Debtor or immediately upon the occurrence of any "Event of Default" as defined herein.

12. The Debtor is hereby authorized and directed to promptly reimburse Lender for all approved costs and expenses incurred by Lender to effectuate this financing transaction and as provided in the Lender Documentation including, but not limited to, fees of Lender's counsel, and

title and recording costs, all of which costs and expenses shall be and are included in the obligations and indebtedness of the Debtor to Lender.

13. In the event of (i) failure of the Debtor to fully perform pursuant to this Order; (ii) the occurrence of any Event of Default; (iii) termination of the Lender Documentation as provided therein; (iv) appointment of a trustee or other fiduciary for the Debtor or the property of the estate of the Debtor; (v) conversion of the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code; (vi) dismissal of the Debtor's Chapter 11 case; or (vii) any change in the existing management of the Debtor (each a "*Default*"), then and upon the occurrence of any Default, and at all times thereafter Lender may file a motion for relief from the automatic stay to exercise its rights to collect those amounts advanced under the Lender Documentation.

14. The automatic stay provided by Section 362 of the Bankruptcy Code shall be and is hereby vacated and terminated with respect to the creation, perfection and implementation of Lender's post-petition liens and security interests in the Lender Collateral.

15. In the event any order authorizes under Section 364 of the Bankruptcy Code, the obtaining of credit or the incurring of indebtedness secured by a lien or security interest equal or senior to the liens or security interests held by Lender, or is entitled to priority administrative status equal to or superior to that granted to Lender herein, Lender shall be paid in full.

16. The provisions of this Order and any action pursuant thereto shall be and remain in effect unimpaired and shall survive entry of any order converting this case from Chapter 11 to Chapter 7 and the terms and provisions of this Order, as well as the priorities, liens and security interests created hereunder, shall continue in this or any other superseding case under the Bankruptcy Code, and such liens and security interests shall maintain that priority as provided for

6

in this Order until satisfied and discharged in full except to the extent that it may be modified by confirmation of a Plan of Reorganization.

17.  Lender shall be entitled to the full protection of the provisions of Section 364(e) of the Bankruptcy Code with respect to debts and obligations and liens and security interests created or authorized by this Order in the event that this Order or any other authority contained herein is vacated, reversed, or modified on appeal or otherwise by any court of competent jurisdiction.

18.  The Debtor, acting through its President, James Hurley, shall have authority to bind the Debtor.  The signature of James Hurley, as President of the Debtor, or any person designated in writing by the Debtor and appearing on any one or more of the Lender Documentation or other related documentation in the opinion of Lender necessary or desirable to implement the terms and purposes of this Order, shall bind the Debtor.

19.  This Order has been negotiated in good faith and at arm's length between the Debtor and Lender, and any credit extended and loans made to the Debtor pursuant to this Order shall be deemed to be extended in good faith as that term is used in Section 364(e) of the Bankruptcy Code.

20.  The stay of this order pursuant to Bankruptcy Rule 6004(h) shall not apply, and the relief herein granted is effective immediately upon entry of this Order.

21.  In the event and to the extent that any of the terms and conditions of any agreements between the Debtor and Lender are inconsistent or at variance with the terms and provisions of this Order, the terms of this Order shall control.

22.  Unless otherwise previously paid in full or agreed to by Lender, all amounts owed by the Debtor under the Lender Documentation authorized by this Order, and secured by the Lender Collateral shall be paid in full upon the earlier of: (i) closing of a sale of stock or assets of

the Borrower (pursuant to a plan and/or a sale authorized under 11USC§363), (ii) September 30, 2015, with such period being extendable by the Lender in writing at its reasonable discretion; (iii) upon the appointment of a chapter 11 Trustee, (iv) conversion to Chapter 7; (v) the filing of a Plan of Reorganization not approved in writing by the Lender, or (vi) the occurrence of an Event of Default under the DIP Note or DIP Loan Agreement not cured within the applicable cure period.

23. For purposes of this Order and Lender Documentation, the following events, acts, or omissions or failures to act shall constitute "***Events of Default***":

   a. any failure of the Debtor to fully perform pursuant to this Order;

   b. the entry of an Order appointing a trustee or other fiduciary for the Debtor or the property of the estate of the Debtor;

   c. the entry of an Order converting the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code;

   d. the entry of an Order dismissing the Debtor's Chapter 11 case; or

   e. the removal of existing management of the Debtor.

24. Subject to the terms of this Order and the Lender Documentation and Lender's approval of Debtor's budget and draw schedule attached hereto as Exhibit A, the Debtor and only the Debtor shall be entitled to use the proceeds of the Loan Commitment.

25. Unless otherwise expressly agreed to in writing by Lender and approved by this Court, the proceeds of the Loan Commitment shall be used exclusively for the purposes identified in the budget and draw schedule attached hereto as Exhibit A, and only in those approximate amounts set forth therein, subject to variance agreed to by the Lender.

8

# # #

Order prepared by:
Erin Anapol (#34422)
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Email: eanapol@lawla.com

**Exhibit A**

**DIP LOAN SOURCES AND USES BUDGET**

**SOURCES**

| | |
|---|---|
| Dip Loan Proceeds: | $500,000 |

**USES**

| | |
|---|---|
| Donnaway Insurance Quote dated 1/2/15: | $ 96,000 |
| Self-Insurance Retainer: | $ 50,000 |
| P&A Bond premium renewals: | $200,000 |
| Bankruptcy/SOP Appeal Administrative Costs: | $100,000 |
| Total: | $446,000 |

10